# MICHAEL HUESTON
### ATTORNEY AT LAW

| | |
|---|---|
| 16 COURT STREET<br>35TH FLOOR<br>BROOKLYN, NEW YORK 11241 | Tel: (718) 246-2900<br>Fax: (718) 246-2903<br>Email: mhueston@nyc.rr.com |

September 19, 2023

**BY ECF**
The Honorable George B. Daniels
United States District Court
Southern District of New York
40 Foley Square, Room 1105
New York, New York 10007

    Re:  *United States v. Dos Santos, et al.*, 20 Cr. 398 (GBD)

Your Honor:

  I represent Mr. Scott Hughes in the above-referenced case. On behalf of Mr. Hughes and without opposition from the government, we respectfully submit this letter requesting that the Court credit Mr. Hughes with a 2-level downward variance based on the Guidelines amendment newly approved by the Sentencing Commission, U.S.S.G. § 4C1.1.

  The new § 4C1.1 will go into effect on November 1, 2023, providing a 2-level decrease for first time, nonviolent offenders like Mr. Hughes who satisfy the ten criteria. The amendment will apply to defendants (1) with no criminal history points; (2) who did not receive a terrorism enhancement, (3) who did not use violence or threats of violence, (4) who did not cause death or serious injury, (5) who did not commit a sex offense, (6) who did not cause any victim substantial financial hardship, (7) who did not possess or use a firearm or deadly weapon, (8) who did not violate a victim's civil rights, (9) who did not commit a hate crime, and (10) who did not receive a role adjustment. U.S.S.G. § 4C1. The government does not contest that Mr. Hughes meets all the required criteria.

  The parties conferred on this issue and have reached the following agreement: the government agrees that Mr. Hughes should be sentenced as though the amendment to U.S.S.G. § 4C1.1 has already taken effect, and, in exchange, the defense agrees not to later seek a sentence reduction pursuant to 18 U.S. Code § 3582 on the basis of the amendments to U.S.S.G. § 4C1.1 expected to go into effect in the November 2023 version of the Sentencing Guidelines manual. Although the Sentencing Commission is still considering whether the amendment will be retroactive, courts have already begun crediting defendants with the two-level reduction, often with the government's agreement as here. *See, e.g., United States v. Trunz*, No. 1:19-cr-00375-WFK, ECF Nos. 25-26 (E.D.N.Y.); *United States v. Soong*, No. 3:22-cr-00372-SI, ECF Nos. 41-42, (N.D. Cal.).

The Honorable George B. Daniels									*U.S. v. Dos Santos, et al.*
November 3, 2023

      We therefore request that the Court apply this 2-level decrease to Mr. Hughes's offense level, which would in the government's and defendant's view reduce his offense level from 31 to 29 and result in an applicable guidelines range of 78 to 97 months' imprisonment.

                                Respectfully,

                                /s/ Michael Hueston

cc:    Counsel of Record
        Probation Department