UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
:
UNITED STATES OF AMERICA
:     **PRELIMINARY ORDER OF**
- v. -           :     **FORFEITURE AS TO**
:     **SUBSTITUTE ASSETS**
SCOTT HUGHES,
:     S1 20 Cr. 398 (GBD)
Defendant.
:
------------------------------------- x

WHEREAS, on or about August 18, 2020, SCOTT HUGHES (the "Defendant") was charged in two counts of a three-count Superseding Indictment, S1 20 Cr. 398 (the "Indictment"), with conspiracy to commit bank fraud in violation of Title 18, United States Code, Section 1349 (Count Two); and conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h) (Count Three);

WHEREAS, on or about March 2, 2023, the Defendant pled guilty to Count Three of the Indictment, pursuant to a plea agreement, wherein the Defendant admitted the forfeiture allegation with respect to Count Three of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money equal to $18,147,122 in United States currency, representing the amount of property involved in the commission of the offense charged in Count Three of the Indictment;

WHEREAS, on or about March 2, 2023, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, which imposed a forfeiture money judgment against the Defendant in the amount of $18,147,122 in United States currency (the "Money Judgment"), representing property involved in the commission of the offense charged in

1

Count Three of the Indictment, and forfeited all of the Defendant's right, title, and interest in certain specific property to the Government (the "Specific Property");

WHEREAS, to date, the entire Money Judgment entered against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets of the Defendant representing property involved in the commission of the offense charged in Count Three of the Indictment, despite the exercise of due diligence in investigating the assets of the Defendant, with the exception of the Specific Property;

WHEREAS, the Government has identified the following assets in which the Defendant has an ownership interest:

    a.    Any and all funds or cryptocurrency held in a Bitpanda Custody Ltd. account

(the "Substitute Asset"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Asset.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture as to Substitute Assets, the United States (or its designee) is hereby authorized to take possession of the Substitute Asset and to keep it in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Asset must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Asset and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.  The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Asset, as a substitute for published notice as to those persons so notified.

7.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.  The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
December _____, 2024
**MAY 0 8 2025**

SO ORDERED:

_George B. Daniel_
HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

4